## Frank Atkins v. Lackawanna Transportation Co.

1. BILL OF EXCEPTIONS—*When Not Necessary.*—A bill of exceptions is not necessary to preserve the declaration in the record. The office of a bill of exceptions is to preserve as a part of the record, that which would not otherwise appear of record. The judgment of the trial court in sustaining the demurrer to the declaration, may be reviewed without a bill of exceptions.

2. PERSONAL INJURIES—*No Recovery When Voluntary.*—Where the injury is wholly caused by the injured person's own deliberate act, through an error in judgment, there can be no recovery.

3. SAME—*Imminent Danger, Real or Apparent.*—As a general rule the act which results in personal injury, but which in law is justifiable, is where there is some imminent danger, real or apparent.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Judgment for defendant on demurrer to declaration. Error by plaintiff. Heard at the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed November 18, 1898.

### STATEMENT.

In this case the defendant interposed a demurrer to the amended declaration, and the court below sustained this demurrer and entered judgment for the defendant, whereupon the plaintiff elected to stand by his amended declaration. The case is now in this court on a writ of error to the trial court.

The amended declaration contains but one count. The statement by counsel for plaintiff in error (plaintiff below) as to its contents, is as follows, viz.:

"1. Defendant was a common carrier of merchandise by water.

"2. Its boat, the Florida, was moored to a dock in Chicago, discharging coal. A gang plank was provided for the use of those having to pass to and from the vessel.

"3. Plaintiff, a lad of seventeen years, was engaged, with the knowledge and permission of defendant, in the business of supplying drinking water to the men who were unloading the coal, being employed by the men for that purpose.

"4. While plaintiff was lawfully on the boat in perform-

ance of the duties of his employment, the work of unloading was finished, and plaintiff, having no further business there, desired to leave the boat and was preparing to do so by means of the gang plank, which. had been placed there for that purpose; but defendant, knowing of plaintiff's presence on and purpose to leave the boat, without notice or warning of any kind, and without giving him a reasonable opportunity to get off, removed the plank, loosened the mooring lines, and began, by means of a steam tug, to move the boat out into the stream.

" 5.    Plaintiff saw that he was about to be carried away from the dock and out into the river.    The boat began to move; the gang plank was gone; there was no way to get off except by jumping; moved and impelled by the sudden exigency thus forced upon him by the defendant, compelled to decide and act quickly, and yet believing that he might safely do so, he jumped from the vessel to the dock and thereby sustained such severe injuries that after a year of suffering in the hospital and numerous attempts by minor surgical operations to save his leg, he finally lost it by amputation."

CHURCH & McMURDY, attorneys for plaintiff in error.

SCHUYLER & KREMER, attorneys for defendant in error; D. J. SCHUYLER, of counsel.

MR. JUSTICE HORTON delivered the opinion of the court.

The objection is presented by defendant in error, that this court has no power to review the ruling of the trial court, because there is no certificate preserving exceptions to such ruling.    This objection is not well taken.    The only question presented is as to the sufficiency of the declaration. No bill of exceptions is necessary to preserve the declaration in the record.    The office of a bill of exceptions is to preserve as a part of the record, that which would not otherwise appear of record.    The judgment of the trial court in sustaining the demurrer to the declaration may be reviewed . without a bill of exceptions.    Zimmerman v. Cowan, 107 Ill. 631, 637; Hamlin v. Reynolds, 22 Ill. 209; Offield v. Siler, 15. Ill. App. 310.

We are, however, unable to see any basis upon which the

Atkins v. Lackawanna Transportation Co.

liability of the defendant can be predicated. Assume, as we must, the correctness of every material allegation contained in the declaration, still no cause of action is shown. The declaration says that the plaintiff " believing at the time that he might safely do so, did then and there jump from said vessel on to said dock, and thereby then and there sustained severe bodily injuries."

This shows that the plaintiff had time to consider the situation and to exercise his judgment. He thought that he could jump to the dock without injury. As the declaration says, he was " thereby " injured; that is, he was injured by jumping from the vessel to the dock. That was a voluntary act on his part. This injury was wholly caused by his own deliberate act. He says that he thought he could do it safely. The result shows that he erred in judgment, or that he was careless. In neither case does he establish any basis upon which to hold the defendant liable for the consequences. If the injury was the result of his own carelessness, of course it will not be contended that defendant is liable. If it was the result of his own voluntary act, through an error in judgment on his part, then the defendant is not liable.

To meet this barrier to success, it is stated in the declaration that plaintiff, " being moved and impelled by the sudden exigency," and believing that he might safely do so, jumped to the dock. The allegations of fact do not warrant or sustain this deduction. As a general rule, the act which results in personal injury, but which in law is justifiable, is where there is some imminent danger, real or apparent. We are not aware of any cases holding that a party may recover damages for an injury caused by his own voluntary act, when there was no imminent, or apparently imminent danger, and no specially exciting or exasperating circumstances.

In the case at bar there was no apparent or probable danger to plaintiff if he had remained on the vessel. There were no specially exciting circumstances. There was nothing which should so disconcert him as to prevent or control

the reasonable exercise of his judgment. He was not "impelled" by any "sudden exigency," such as would justify his jumping to the wharf, "believing at the time that he might safely do so," and then charging the unexpected and injurious consequences to the owner of the vessel.

The legal principles involved in this class of cases are pretty well settled and generally understood, but the volume of cases has become so great that it is no longer practicable to review them in every case coming before the court.

Perceiving no error in the ruling of the Superior Court, its judgment is affirmed.